# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ODELL M. HARDISON,**

    **Petitioner,**

    **v.**                                        Case No. 13-CV-1244

**JEFFREY PUGH,**

    **Respondent.**

## DECISION AND ORDER ON MOTION TO DISMISS HABEAS CORPUS PETITION

Odell M. Hardison ("Hardison"), a prisoner in Wisconsin custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Hardison challenges his judgment of conviction on multiple grounds. The respondent has filed a motion to dismiss the habeas corpus petition a second or successive petition. (Docket # 11.) The parties have briefed the motion to dismiss and the motion is ready for resolution. For the reasons stated in this opinion, the respondent's motion to dismiss will be granted and the petition for writ of habeas corpus will be dismissed.

## BACKGROUND

For purposes of this motion, the relevant background is as follows: Following a jury trial, on May 14, 2004, Hardison was convicted of two counts of felon in possession of a firearm; one count of delivery of cocaine, 15-40 grams; one count of delivery of cocaine, 5-15 grams; and one count of maintaining a drug trafficking place in Milwaukee County case 02CF1376. He was sentenced to 16 years of initial confinement followed by 19 years of extended supervision. (Habeas Petition, Docket # 1 at 1.) On April 5, 2010, Hardison filed a petition for a writ of habeas corpus in this District. (*See* Case No. 10-CV-258.) He challenged the convictions listed above. (*See* Rule 4 Order, Docket # 10

at 1.) The respondent was ordered to answer the petition (Docket # 10), and the respondent filed a motion for summary judgment, alleging the petition was untimely (Docket # 21). On December, 20, 2010, the court granted the motion, finding Hardison's petition for a writ of habeas corpus was not timely filed and dismissing the case. (Docket # 28.) On November 5, 2013, Hardison filed the instant petition for writ of habeas corpus challenging the same 2004 Milwaukee County convictions.

## DISCUSSION

The respondent moves to dismiss Hardison's habeas corpus petition as second or successive petition. I agree. The restriction on second or successive petitions is outlined in 28 U.S.C. § 2244(b):

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless —
>
>     (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>     (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>     (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

In short, a petitioner must seek leave from the appropriate circuit court of appeals—here, the Seventh Circuit—before filing a second or successive petition. Without such permission, this court lacks

subject matter jurisdiction over the petition. *See, e.g.*, *Hernandez v. Wallace*, 524 F.Supp.2d 1097 (2007) "However, '[n]ot all multiple collateral attacks are "second or successive."'" *Id.* at 1099 (quoting *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998)). Where the previous petition was dismissed for technical reasons or failure to exhaust—that is, deficiencies a petitioner can cure before re-filing—the subsequent petition does not constitute a "second or successive" petition implicated in § 2244(d). *Id.* (citing *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003)).

Hardison's first petition was dismissed because it was not filed within the time limits imposed under 28 U.S.C. § 2244(d). (*See* Docket # 28.) This was not a deficiency that he could cure before refiling as the one-year time limit for filing a petition for habeas corpus expired in 2007. (*Id.* at 4.) Consequently, Hardison is required to seek, and be granted, leave to file a second or successive petition. Hardison does not even attempt to address this requirement. At any rate, he has not sought leave from the Seventh Circuit to re-file, and this court therefore lacks jurisdiction over the petition. Thus, the respondent's motion to dismiss must be granted.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n. 4).

When issues are resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Each showing is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

Jurists of reason would not find it debatable whether this Court was correct in its procedural ruling. Hardison has not shown that he sought leave to file a second or successive petition. As such, a certificate of appealability will be denied.

Hardison retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss the petition for writ of habeas corpus (Docket # 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that Hardison's petition for writ of habeas corpus (Docket # 1) and this action be and hereby are **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 14th day of May, 2014.

                                        BY THE COURT

                                        *s/Nancy Joseph*
                                        NANCY JOSEPH
                                        United States Magistrate Judge